CARSIE ELLIOT v. STATE.

No. A-1851.　Opinion Filed November 15, 1913.

Appeal from County Court, Stephens County;
W. H. Admire, Judge.

Carsie Elliot was convicted of a violation of the prohibitory law, and appeals.　Affirmed.

Wilkinson & Morris, for plaintiff in error.

Chas. West, Atty. Gen., and C. J. Davenport, Asst. Atty. Gen., for the State.

PER CURIAM.　This appeal is prosecuted from a conviction had in the county court of Stephens county on the 13th day of August, 1912, in which appellant was found guilty of the unlawful conveyance of intoxicating liquors, and his punishment assessed at a fine of one hundred dollars, and imprisonment in the county jail for a period of one hundred twenty days.　The evidence shows that appellant was arrested driving through Stevens county in a buggy in which he had a suit case with twenty-four pints of whisky in it.　The defendant offered no testimony.　After a careful examination of the various questions raised, we are satisfied that under well settled rules, sustained and upheld by the decisions of this court, no error was committed.　The judgment is therefore affirmed.　Mandate forthwith.

M. A. STITCH v. CITY OF STILLWATER.

No. A-1783.　Opinion Filed November 15, 1913.

Appeal from County Court, Payne County;
W. H. Wilcox, Judge.

M. A. Stitch was convicted of violating the prohibitory ordinance of the city of Stillwater, and appeals.　Affirmed.

J. M. Springer, for plaintiff in error.

Chester H. Lowry, for the city of Stillwater.

PER CURIAM.　The plaintiff in error, M. A. Stitch, was tried and convicted in the county court of Payne county at the April, 1912, term on a charge of selling intoxicating liquor in violation of the city ordinance, the trial being de novo upon an appeal by this plaintiff in error from the judgment of the city court of Stillwater.　The punishment was fixed at a fine of one hundred dollars and imprisonment in the city jail for a period of thirty days.　A careful examination of the record discloses no error prejudicial to the substantial rights of the plaintiff in error.　The judgment of the trial court is therefore affirmed.